UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SCOTT MOYES,<br><br>Defendant. | 5:23-CR-50148-KES<br><br><br>ORDER DENYING MOTION TO RECUSE |

Defendant, Scott Moyes, moves for this court's recusal. Docket 109. He contends that, before his June 12, 2026, status hearing formally began, the court was "already in the courtroom, openly discussing his case." *Id.* at 1. Moyes further states, although he has participated in more the 50 court proceedings, he has never before observed a hearing begin without the courtroom deputy first announcing "all rise." *Id.* According to Moyes, the absence of that formality rendered the proceeding illegitimate and demonstrates judicial bias. *Id.* He therefore seeks this court's recusal.

Under 28 U.S.C. § 144, a party seeking recusal must file a legally sufficient affidavit demonstrating that the judge harbors a personal bias or prejudice. *United States v. Faul*, 748 F.2d 1204, 1210 (8th Cir. 1984). The affidavit "must strictly comply with all of the statutory requirements before it will effectively disqualify a judge." *United States v. Anderson*, 433 F.2d 856, 859 (8th Cir. 1970). Moreover, the alleged bias or prejudice "must stem from an

extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from h[er] participation in the case." *Faul*, 748 F.2d at 1211. Even assuming a defendant's motion qualifies as an affidavit under § 144, it must allege specific facts establishing personal bias; conclusory assertions and general allegations are insufficient. *See Alexander v. Medtronic, Inc.*, 2012 WL 3724052, at *3 (W.D. Mo. Aug. 27, 2012).

28 U.S.C. § 455(a) also requires a judge to "disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The inquiry is an objective one: whether "a reasonable person who knew the circumstances would question the judge's impartiality, even though no actual bias or prejudice has been shown." *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003) (citation omitted). A party seeking recusal bears a substantial burden because judges are presumed to be impartial. *Id.* The Eighth Circuit has therefore cautioned that "[t]he recusal statute does not provide a vehicle for parties to shop among judges . . . [or] require recusal every time a judge commits a procedural error or departs from protocol in some way." *Little Rock Sch. Dist. v. Pulaski Cnty. Special Sch. Dist. No. 1*, 839 F.2d 1296, 1302 (8th Cir. 1988). Rather, the relevant question "is not whether the trial judge committed errors, but whether these errors create a reasonable inference that the Court has lost its impartiality. This question must be answered 'in light of the full record, not simply in light of an isolated incident.' " *Id.* (quoting *In re Federal Skywalk Cases*, 680 F.2d 1175, 1184 (8th Cir. 1982)).

Applying the foregoing principles here, the court finds that Moyes's motion does not satisfy either standard. Even assuming Moyes's motion qualifies as an affidavit under § 144, it is factually insufficient. Moyes identifies no facts suggesting that this court harbors a personal bias or prejudice against him. His motion instead rests on a single circumstance: that, before the courtroom deputy announced "all rise" and formally commenced the June 12, 2026, status hearing, the court was discussing his case in the courtroom. Docket 109 at 1. Moyes states that, in his experience attending more than 50 court hearings, he had never before witnessed such a sequence of events and therefore believes the proceeding was improper. *Id.*

Those allegations do not establish personal bias. Section 144 requires specific facts demonstrating a personal prejudice that stems from an extrajudicial source, not a litigant's dissatisfaction with the manner in which a judicial proceeding unfolded. *See Faul*, 748 F.2d at 1210-11. Moyes identifies no extrajudicial source of bias, no statement reflecting personal animus, and no conduct from which such bias reasonably could be inferred. *See* Docket 109. At most, he alleges a departure from what he believes to be the ordinary protocol for beginning a court proceeding. Even accepting those allegations as true, they do not establish the personal bias or prejudice required by § 144.

The same conclusion follows under § 455(a). The question is whether a reasonable person, fully informed of the relevant circumstances, would question the court's impartiality. *Fletcher*, 323 F.3d at 664. Moyes has not met that demanding standard. His motion identifies no facts suggesting that the

3

court prejudged his case or otherwise lost its impartiality. *See* Docket 109.

Instead, he challenges what he perceives to be a procedural irregularity at the

outset of the hearing. *Id.* at 1. But the recusal statutes do not require

disqualification whenever a party believes the court departed from customary

practice or courtroom protocol. *See Little Rock Sch. Dist.*, 839 F.2d at 1302.

Rather, the inquiry is whether the alleged conduct, viewed in light of the full

record, creates a reasonable inference that the court's impartiality might

reasonably be questioned. *Id.* Moyes's allegations do not support such an

inference.

As such, Moyes has failed to carry his substantial burden of

demonstrating that recusal is warranted under either § 144 or § 455(a).[1] Thus,

it is

ORDERED that defendant's motion (Docket 109) is DENIED.

DATED July 2, 2026.

BY THE COURT:

*/s/ Karen E. Schreier*

KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

---

[1] Moyes raises additional arguments that are not directly relevant to the recusal inquiry. *See* Docket 109 at 2-3. The court has considered those arguments and concludes that none warrants a different result.