UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SCOTT MOYES,<br><br>Defendant. | 5:23-CR-50148-KES<br><br>ORDER DENYING MOTIONS FOR RECUSAL |

Defendant, Scott Moyes, previously filed three motions requesting that this court recuse itself. Docket 109; Docket 128; Docket 134. In those motions, Moyes primarily argued that the court is biased, resting "on a single circumstance: that, before the courtroom deputy announced 'all rise' and formally commenced the June 12, 2026, status hearing, the court was discussing his case in the courtroom." Docket 111 at 3; Docket 135 at 3; *see also* Docket 109 at 1; Docket 128 at 1. This court denied the three motions, concluding that Moyes's allegations did not establish personal bias or prejudice. Docket 111; Docket 135.

Moyes has filed four additional motions requesting that this court recuse itself. Docket 151; Docket 158; Docket 159; Docket 163. In three of these motions, Moyes again takes issue with the single circumstances described above. Docket 151 at 2; Docket 158 at 1; Docket 159 at 1. And Moyes adds that the court must recuse itself because he has named this court as a defendant in a civil suit. Docket 151 at 3; Docket 158 at 3; Docket 159 at 3; Docket 163 at 1.[1]

[1] At the time each of these motions were filed, there was not yet a civil suit naming this court as a defendant. But the civil complaint Moyes refers to was later filed on

28 U.S.C. § 455(a) provides that a judge "shall disqualify h[er]self in any proceeding in which h[er] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This objective standard asks whether an average person fully informed of the relevant facts and circumstances would question the court's impartiality. *See United States v. May*, 70 F.4th 1064, 1073 (8th Cir. 2023). The decision whether to grant a motion under 28 U.S.C. § 455 is committed to the "sound discretion of the district court[.]" *Moran v. Clarke*, 296 F.3d 638, 648 (8th Cir. 2002) (en banc), *abrogated on other grounds by Stockley v. Joyce*, 963 F.3d 809 (8th Cir. 2020). A judge is presumed to be impartial, and the party "seeking recusal bears the substantial burden of proving otherwise." *United States v. Roads*, 97 F.4th 1133, 1136 (8th Cir. 2024) (citation omitted).

But "[o]pinions based on facts or events occurring in a judicial proceeding 'do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.' " *United States v. Minard*, 856 F.3d 555, 557 (8th Cir. 2017) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). And 28 U.S.C. § 455(a) "does not require a judge to recuse h[er]self because of 'unsupported, irrational, or highly tenuous speculation.' " *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998) (quoting *In re United States*, 666 F.2d 690, 694 (1st Cir. 1981)). "To disqualify oneself in such circumstances would be to set 'the price of maintaining the purity of appearance' too high—it would allow litigants 'to exercise a negative veto over the assignment of judges.' " *Id.* (quoting *In re United States*, 666 F.2d at

October 26, 2026. *Moyes v. Wollman et al.*, 5:26-CV-05133-CCT, Docket 1.

694).

Moyes contends that the court "has a personal bias and has a financial interest in the subject matter in controversy[]" because he has named the court as a defendant in a civil matter. Docket 158 at 3-4; Docket 159 at 3-4; *see* Docket 163 at 1. Moyes's argument is without merit. Aside from naming this court as a defendant in a separate civil matter, Moyes has identified no facts suggesting that this court's impartiality could reasonably be questioned. *See May*, 70 F.4th at 1073. A reasonable observer, fully informed of all relevant facts, would recognize that Moyes's contentions in the instant motions and his previous motions to recuse lack a factual basis demonstrating impropriety and fail to create even the appearance of bias. Moyes's conclusory assertion that this court is biased because it allegedly has a direct legal and financial interest in the outcome of this criminal case is purely speculative. *See DeTemple*, 162 F.3d at 287.

And Moyes cannot manufacture a basis for this court's recusal through his own actions. "[A]n automatic recusal can[not] be obtained by the simple act of suing the judge." *United States v. Pryor*, 960 F.2d 1, 3 (1st Cir. 1992); *see also Akins v. Knight*, 863 F.3d 1084, 1087 (8th Cir. 2017) ("Parties cannot be allowed to create the basis for recusal by their own deliberate actions." (citation omitted)); *United States v. Beale*, 574 F.3d 512, 519 (8th Cir. 2009) ("[D]efendants are not 'permitted to use [recusal] as a judge-shopping device.' " (citation omitted)).

Moyes has a history of litigious behavior. Since September 4, 2026, Moyes has filed four civil lawsuits alleging violations of 42 U.S.C. § 1983. *See Moyes v. Pennington County Jail*, 5:26-CV-05108-CBK, Docket 1; *Moyes v. Regency of South*

*Dakota Inc. et al.*, 5:26-CV-05126-CCT, Docket 1; *Moyes v. Grimes et al.*, 5:26-CV-05129-ECS, Docket 1; *Moyes v. Wollman et al.*, 5:26-CV-05133-CCT, Docket 1. These civil suits have named several institutional defendants, including the Pennington County Jail, Regency of South Dakota, Inc., and the State of South Dakota. *See Moyes v. Pennington County Jail*, 5:26-CV-05108-CBK, Docket 1; *Moyes v. Regency of South Dakota Inc. et al.*, 5:26-CV-05126-CCT, Docket 1; *Moyes v. Grimes et al.*, 5:26-CV-05129-ECS, Docket 1. And in the most recent civil action, Moyes has sued retired United States Magistrate Judge Daneta Wollmann along with this court. *Moyes v. Wollman et al.*, 5:26-CV-05133-CCT, Docket 1.

Moyes's pattern of litigious behavior, which includes suing other judges, coupled with his failure to provide any evidence supporting his allegations, provides sufficient grounds to deny his motion to recuse under 28 U.S.C. § 455(a), because recusal requires more than conclusory allegations that are unsupported by any evidence.

Because a fully informed, reasonable observer would conclude that Moyes's contentions lack any factual basis for impropriety and fail to create even the appearance of bias, his motion to recuse is denied. Thus, it is

ORDERED that defendant's motions for recusal (Docket 151; Docket 158; Docket 159; Docket 163) are denied.

DATED November 3, 2026.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE